UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JULIUS HERNANDEZ,

                                  Plaintiff,
        -against-                                      **COMPLAINT**

THE CITY OF NEW YORK, P.O. RAPHAEL TATIS      **JURY TRIAL DEMANDED**
Shield No. 011230, Individually and in his Official
Capacity and P.O. JOSE SOSA, Shield No. 8636,          **ECF CASE**
Individually and in his Official Capacity,

                                  Defendants.
----------------------------------------------------------------X

       Plaintiff JULIUS HERNANDEZ, by his attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff JULIUS HERNANDEZ is a Hispanic male and has been at all relevant times a resident of the City and State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. At all times hereinafter mentioned, the individually named defendants P.O. RAPHAEL TATIS and P.O. DARNELL JONES, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On or about December 30, 2011, at approximately 7:40 p.m., plaintiff JULIUS HERNANDEZ was lawfully present in the vicinity of West 251st Street and Broadway, Bronx, New York.

14. At the aforesaid time and place, plaintiff JULIUS HERNANDEZ, was accosted by defendant officers.

15. Despite the fact that there was no evidence of criminal activity, defendants immediately grabbed plaintiff, chocked him, threw him against a gate and then placed him under arrest, handcuffing his arms tightly behind his back, and transported him to a nearby precinct.

16. Plaintiff was charged with Resisting Arrest, Obstructing Governmental Administration, Attempted Assault, Disorderly Conduct and was also given a summons for Spitting in Public.

17. At no time on December 30, 2011, did plaintiff JULIUS HERNANDEZ resist arrest, obstruct governmental administration, attempt to assault anyone, spit in public or behave disorderly or unlawful in anyway.

18. At no time on or about December 30, 2011, did defendants possess probable cause to arrest plaintiff.

19. At no time on December 30, 2011, did defendant officers possess information that would lead a reasonable officer to believe plaintiff JULIUS HERNANDEZ had engaged in any criminal or unlawful activity whatsoever.

20. In connection with plaintiff's arrest, defendants gave filed false and misleading information to the District Attorneys Office stating in sum and substance that plaintiff flailed his arms, twisted his body and yelled at passing pedestrians.

21. As a result of his unlawful arrest, plaintiff JULIUS HERNANDEZ spent approximately three (3) days in custody and approximately nine (9) months making court appearances before he was acquitted of the charge of spitting in public at trial on August 1, 2012.

22. Plaintiff spent an additional nine (9) months making court appearances before the remaining charges were adjourned in contemplation of dismissal on or about May 2, 2013.

23. As a result of the foregoing, plaintiff JULIUS HERNANDEZ sustained, *inter alia*, emotional distress, mental anguish, shock, fright, apprehension, embarrassment and humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "23" with the same force and effect as if fully set forth herein.

25. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

26. All of the aforementioned acts deprived plaintiff JULIUS HERNANDEZ of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

29. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

32. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "32" as if the same were more fully set forth at length herein.

34. Defendants created false evidence against plaintiff JULIUS HERNANDEZ.

35. Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's office.

36. Defendants misled the prosecutors by creating false evidence against plaintiff JULIUS HERNANDEZ and thereafter providing false testimony throughout the criminal proceedings. Specifically, defendants falsely alleged plaintiff was spitting on public sidewalks, that he attempted to assault them, obstruct them from any *lawful* duties, or resisted a lawful arrest in any way.

37. In creating false evidence against plaintiff JULIUS HERNANDEZ, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

38. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FOURTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

> i. maintaining an "activity" quota mandating officers make a minimum number of arrests, issue a minimum number of summonses, and conduct a minimum number of "stop and frisks" on a monthly basis with deliberate indifference to training and supervising officers to ensure such actions are supported by the requisite cause or suspicion mandated by the Constitution;
>
> ii. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics and satisfy said quota; and
>
> iii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

42. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

43. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

44. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

45. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

46. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

47. The acts complained of deprived plaintiff of his rights:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unlawful search;

    D. Not to have summary punishment imposed upon him; and

    E. To receive equal protection under the law.

48. As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

    i. an order awarding compensatory damages in an amount to be determined at trial;

    ii. an order awarding punitive damages in an amount to be determined at trial;

    iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

    iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       June 27, 2013

BY: _/s/_
GERALD COHEN
JOSHUA FITCH
COHEN & FITCH LLP
Attorneys for Plaintiff
233 Broadway, Suite 1800
New York, N.Y. 10279
(212) 374-9115
gcohen@cohenfitch.com
jfitch@cohenfitch.com

INDEX NO.                                         YEAR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIUS HERNANDEZ,

                                  Plaintiff,
                -against-

THE CITY OF NEW YORK, P.O. RAPHAEL TATIS
Shield No. 011230, Individually and in his Official Capacity
and P.O. JOSE SOSA, Shield No. 8636, Individually
and in his Official Capacity,
                                 Defendants.

## SUMMONS AND COMPLAINT

### COHEN & FITCH LLP
*Attorney for* Plaintiffs
*Office and Post Office Address, Telephone*
233 Broadway - Suite 1800
New York, New York 10279
(212) 374-9115

Signature (Rule 130-1.1a)

_____

Print Name Beneath

To
Attorney(s) for Defendants

_____

Service of a copy of the within is hereby admitted.        Dated

Attorney(s) for

PLEASE TAKE NOTICE

☐    NOTICE OF ENTRY

       that the within is a (certified) true copy of a
       duly entered in the office of the clerk of the within named court on       20

☐    NOTICE OF SETTLEMENT

       that an order                                   of which the within is a true copy
       will be presented for settlement to the HON.               one of the judges of the
       within named Court, at
       on                     20                at

Dated,                                                                     Yours, etc.